**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

======================================
MOSES ILIOVITS individually and
all other similarly situated consumers

                          Plaintiff,

    -against-

ELTMAN LAW, P.C.

                          Defendant.
======================================

**CLASS ACTION COMPLAINT**

*I.   Introduction*

1)    Plaintiff Moses Iliovits files this Complaint seeking redress for the illegal practices of Defendant Eltman Law, P.C. who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others, in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

*II.   Parties*

2)    At all times relevant to this lawsuit, Plaintiff is a citizen of the State of New York who resides within this District.

3)    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4)    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5) At all times relevant to this lawsuit, Defendant's principal place of business is located within Jersey City, New Jersey.

6) Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7) Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### III.   Jurisdiction & Venue

8) Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### IV.   Factual Allegations

10) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11) On or about February 6, 2017, Defendant Eltman Law, P.C. sent a collection letter to the Plaintiff Moses Iliovits. (see attached exhibit)

12) Defendant's said letter was deceptive and misleading as it simply identified the "Balance," but did not indicate that the balance may increase due to interest and fees.

13) The Plaintiff was left unsure whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

14) A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the

notice.

15) In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.

16) The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

17) The statement of a "Balance", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

18) The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

19) Pursuant to New York state law, interest accrues on the judgment amount from the date of the judgment at the rate of 9% per annum.

20) The amount of the judgment automatically increases each day that the judgment amount remains unpaid due to the automatically statutory accrued interest.

21) Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the

meaning of Section 1692e.

22) To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

23) Eltman Law, P.C. was required to include a disclosure that automatically accrued interest was accruing, or in the alternative, the creditor has made an intentional decision to waive the automatically accruing interest, yet it did not make any of those disclosures in violation of 1692e.

24) Failure to disclose such a waiver of the automatically accrued interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

25) "Applying these principles, we hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC,* Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

26) The Plaintiff and an unsophisticated consumer would be led to believe that the "Balance" would remain as is, and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

27) In fact, however, since statuary interest is accruing daily at 9% a year, "a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the

consumer." *Avila v. Riexinger & Assocs., LLC,* Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

28) Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the judgment was obtained, or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. Avila, at *10-11

29) A debt-collector must disclose that interest is accruing, or in the alternative, it disclose any such waiver.

30) Waiver of debt even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear even to the least sophisticated consumer that it intends to waive the interest.

31) Yet in reality, interest was accruing on a daily basis and the Defendant or the owner of the debt will try to collect this interest from the Plaintiff.

32) A consumer who pays the "Balance" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

33) The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

34) A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

35) In the alternative, the balance was static and the interest was waived as

the said letter identified the amount owing "At this time, the amount due is $5,874.60" words that imply that the balance may increase at a later stage.

36) In other words, the said language implies that <u>as of the date of the said letter</u>, the Plaintiff owes is $5,874.60, and that the balance may change as interest or other charges may be added to the balance owed in the future.

37) Yet the said letter provided a column with an itemized accounting of the debt as required by New York state statute, which informed the consumer that no interest or fees have been added post charge-off.

38) The fact that no interest was accruing as of the date of the said letter, and that no charges or fees had accrued, the language of "At this time, the amount due is $5,874.60" only serves to confuse the least sophisticated consumer as to whether interest, fees or other charges may be added to the balance in the future. See *Chuway v. National Action Financial Services*, 362 F.3d 944 (7th Cir.2004) (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided.)

39) While it is typical for collection letters to state an "amount due" or a "current balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date. See *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 ("The language in the collection letter "as of the date of this letter" suggests that the debt is in a dynamic state — "as of the date" suggests that on a different date, the amount of the debt may be different — and, of course, anyone would understand that it won't get any

smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be "more later." Defendant receives money that it might not have received but for the language "as of the date of this letter." The debtor has thus been misled or deceived.")

40) If the Defendant had intended to add interest, fees or other charges, then it is bound to disclose that the balance may increase due to interest and fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

41) The sole purpose of the Defendant's statement of "At this time, the amount due is $5,874.60" was to coerce the Plaintiff into paying immediately.

42) The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

43) Collection notices that state only the amount due but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

44) The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

45) 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
> the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46) Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

47) Defendant's February 6, 2017 letter is in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

48) Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

49) Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

50) The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

51) The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

52) The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of

Plaintiff's alleged debt.

53) The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

54) The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

55) These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

56) Plaintiff seek to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *V.  Class Allegations*

57) This action is brought as a class action. Plaintiff bring this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58) The identities of all class members are readily ascertainable from the records of Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

59) Excluded from the Plaintiff's Class are the Defendant and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

60) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

61) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

62) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

63) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause him not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collect debts throughout the United States of America.

64) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said violations are tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

65) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66) Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

67) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.   Cause of Action*

68)    This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

  a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

  b) the collection letter was sent to a consumer seeking payment of a personal debt;

  c) the collection letter was not returned by the postal service as undelivered;

  d) the Plaintiff allege and aver that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### *VII.   Violations of the Fair Debt Collection Practices Act*

69)    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

70)    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully request that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation: Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

d) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 5, 2018

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff {is|are} entitled to and hereby respectfully demand a trial by jury on all issues so triable.

/s/ David Palace_____
David Palace esq. (DP 3855)

**Eltman ___, P.C.**
101 Hudson Street, Ste # 2702, Jersey City, NJ 07302
P: (347) 662-2150 Fax:(212)660-3101
Toll Free: (877) 439-8800
eltmanlaw.123fastpay.com

Office Hours:
M-TH 8:30AM to 5:00PM (EST)
Fri 8:30AM to 4:30PM (EST)

***TAX SEASON SETTLEMENT OFFER***

| Account Summary | |
|---|---|
| Original Account # | |
| Redacted | 8748 |
| Original Creditor | |
| Citibank-PLATINUM SELECT | |
| Creditor to Whom the Debt is Owed: | |
| Erin Capital Management, LLC | |
| Eltman File #: | Current Balance: |
| Redacted 28 | $5,874.60 |

February 6, 2017

Dear Mr./Ms. Iliovits:

We would like to extend an opportunity for you to resolve your above-referenced account. Our client, Erin Capital Management, LLC, has authorized our firm to offer a Tax-Time settlement of 40% of the current balance.

At this time, the amount due is $5,874.60. Below is a reduced settlement amount we are authorized to accept to settle this account provided payment is received in our offices on or before the following date:

**$2,349.84 if payment received by February 28, 2017**

Please be advised that Eltman Law, P.C. is not obligated to renew or extend the above offer.

Please also keep in mind that if the above settlement offer is not suitable for you, there are other options that our representatives can extend to you. Call us to find out what we can work out with you to resolve this matter.

Cordially Yours,

Samuel Reyes
Collection Supervisor

TAX40NYM

We are a law firm with attorneys admitted to practice in the following states only:
California, Florida, Georgia, Kentucky, New Jersey, New York, Ohio, Pennsylvania, Texas, Tennessee, Michigan, and Missouri

Should you wish to communicate with us via e-mail, please visit consumers.eltmanlaw.com/email
to complete our e-mail authorization form.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

*Detach along the dotted line and return bottom portion along with payment. Please include your Eltman file number listed below on your payment*

35A RUST LANE
BOERNE, TX 78006-8202



MOSES ILIOVITS
Redacted

NAT54628 TAX40NYM

**Payment Options:**

| Western Union Quick Collect | Internet | Pay by Phone |
|---|---|---|
| Code City: ERIN<br>State: NY<br>Locator: (800)305-6000 | www.eltmanlaw.123fastpay.com<br>Visa, MasterCard, American Express, Debit, PrePaid | Please Call (877) 439-8800<br>Visa, MasterCard, American Express, Check by Phone |

| Creditor to Whom the Debt is Owed:<br>Erin Capital Management, LLC | | Original Acct #<br>Redacted 8748 | |
|---|---|---|---|
| Original Creditor<br>Citibank-PLATINUM SELECT | Eltman File #<br>Redacted 628 | Current Balance<br>$5,874.60 | |

RETURN TO:
Eltman Law, P.C.
101 Hudson Street, Suite 2702
Jersey City, NJ 07302
(877) 439-8800

Amount Enclosed